IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    vs.                      Magistrate Action 2:13-mj-273

**MICHAEL SHANE CLARK, JR.,**

## REPORT AND RECOMMENDATION

Defendant Michael Shane Clark, Jr., is charged by complaint with threatening to kill the President of the United States in violation of 18 U.S.C. §871(a). On May 24, 2013, the Court concluded that defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to fully understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). The Court therefore committed defendant to the custody of the Attorney General for the purpose of undergoing a psychiatric or psychological evaluation. *Order*, Doc. No. 7. *See* 18 U.S.C. § 4241(b).

The required evaluation has now been completed.[1] The evaluating forensic psychologist has concluded that defendant is not competent to stand trial. A competency hearing was held on November 5, 2013. Defendant was present at that hearing with his counsel.

---

[1] The report has been filed under seal.

No party offered evidence at the hearing and all parties agreed with the conclusion of the evaluating forensic psychologist.

Based on the report of the evaluating forensic psychologist, and without objection by any party, the Court **FINDS** that defendant Michael Shane Clark, Jr., is presently suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  *See* 18 U.S.C. § 4241(d).  It is therefore **RECOMMENDED** that defendant be found incompetent to stand trial.

It is **FURTHER RECOMMENDED** that the Attorney General be directed to hospitalize defendant for treatment in a suitable facility for such reasonable period of time, but not longer than March 4, 2014, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed.

If at the end of that period, the evaluators and treating providers conclude that an additional period of hospitalization and treatment is likely to restore the defendant's competence to stand trial, another report shall be made to the Court.  In such event, the report shall specifically recommend the additional time deemed necessary to restore defendant's competence to stand trial.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 5, 2013                         s/Norah McCann King
                                         Norah M$^c$Cann King
                                    United States Magistrate Judge